# In the United States Court of Federal Claims

No. 23-1354
Filed: October 26, 2023

|  |  |
|---|---|
| ALLEN OKECHUKWU CAUDLE, | ) <br> ) <br> ) |
| *Plaintiff,* | ) <br> ) <br> ) |
| v. | ) <br> ) |
| THE UNITED STATES, | ) <br> ) <br> ) |
| *Defendant.* | ) <br> ) <br> ) |

## ORDER

    This is one of many cases that plaintiff filed in this Court in August 2023.  *See Caudle v. United States*, No. 23-1340, 2023 WL 5344984, at *1 & n.2 (Fed. Cl. Aug. 21, 2023) (collecting cases).  Along with his complaint, plaintiff filed a motion for leave to file in forma pauperis, ECF No. 2, and a motion for default judgment, ECF No. 3.  The government has moved to dismiss the complaint under RCFC 12(b)(1) and 12(b)(6).  ECF No. 8.  The government also opposes the motion for default and the motion for leave to file in forma pauperis.  *Id*.  The plaintiff has failed to respond to the government's motion or its opposition to his two pending motions.  The Court, therefore, considers the government's motion unopposed and dismisses the complaint under RCFC 12(b)(1).

    Even if the Court were to put aside the failure to respond to the government's motion, dismissal would still be appropriate.  First, one of the grounds on which the government seeks dismissal is that the United States District Court for the Northern District of Alabama deemed plaintiff a vexatious litigant after plaintiff filed 56 cases, all of which were dismissed.  The district court also entered an anti-filing injunction that prohibited plaintiff from filing a complaint in any other federal court without getting leave of the Court.  ECF No. 8 at 1-2; *see also* ECF No. 8-1 (N.D. Ala. Order).  Pursuant to that order, plaintiff must:

- Obtain leave of the court at issue before "filing or attempting to initiate any new lawsuit . . . in any [F]ederal court;"

- Include, with any motion to proceed *in forma pauperis*, a declaration attesting to the date and disposition of the most recent denial by the District Court or the Court of Appeals of any motion to proceed *in forma pauperis*;

- Post a $1,000 bond with any new suit (which will be forfeit if the Court determines that the case has not been filed in good faith); and

- Attach a copy of the order, a list of every prior suit filed, and a declaration under penalty of perjury certifying that the claim he raises is not the same as any previously raised.

ECF No. 8 at 3 (citing ECF No. 8-1 at 33-35) (alterations in original).  Here, "[b]ecause plaintiff violated the terms of the Alabama district court's injunction, 'dismissal is appropriate.'" *Caudle v. United States*, No. 23-1340, 2023 WL 5344984, at *1 (Fed. Cl. Aug. 21, 2023) (quoting *Perry v. United States*, 558 F. App'x 1004, 1006 n. 1 (Fed. Cir. 2014) (per curiam)); *see also Caudle v. United States*, Fed. Cl. 23-1331 (dismissed Aug. 18, 2023); *Caudle v. United States*, Fed. Cl. 23-1339 (dismissed Aug. 21, 2023); *Caudle v. United States*, Fed. Cl. 23-2340 (dismissed Aug. 21, 2023).

Second, although the complaint is difficult to fully make sense of, the relief sought is clearly beyond this Court's jurisdiction.  Plaintiff makes numerous allegations of torts by unnamed federal employees, including:

- "The Defendants committed these actions by using methods of gang stalking, harassing communications, communication networks in relation to other matters." ECF No. 1 at 4.[1]

- "This is a violation of the Federal Tort Claims Act . . . ." ECF No. 1 at 5.

- "The Defendants actions and negligence in relation to it conspiring to and or failing to prevent the use of gang stalking, use harassing communications, cyber attacks and communication networks to force the Plaintiff to file complaints in Northern Alabama District court and this court to find out why he was being subjected to there acts of continuous abuse and why he was not being provided with equal rights to protection of the law and his rights." ECF No. 1 at 5.

These claims sound in tort and are outside this Court's jurisdiction under 28 U.S.C. § 1491(a)(1), which limits jurisdiction to claims "not sounding in tort."

Third, plaintiff seeks to have this Court set aside the anti-filing injunction that the Northern District of Alabama entered against him.  In his prayer for relief, plaintiff asks this Court to "B. Enforce what's due and just throughout this complaint. (Please note that the Plaintiff[']s primary request in this complaint is to no longer be enjoined from making complaints in federal courts and his criminal history be cleared.[)]" ECF No. 1 at 6.  *See also id.* (asking the Court to "[e]nforce that the Plaintiff is no longer enjoined from making complaints in federal courts" and "[e]nforce that the Plaintiff[']s criminal history be removed from all databases, including public, private and commercial records (including search engines) to aid in restoring the Plaintiff's reputation.").  But this Court cannot review the decisions of district courts.  *E.g.*, *Earl v. United States*, 787 F. App'x 751, 752 (Fed. Cir. 2019) ("With respect to the alleged 'encroachments of his constitutional rights' by the Southern District of Texas, the Claims Court is without jurisdiction to scrutinize the actions of another tribunal." (bracketing omitted));

---

[1] Because plaintiff does not number the paragraphs of the complaint or sequentially number the pages in his complaint, the Court cites to the page number in the ECF header.

*Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("[T]he Court of Federal Claims cannot entertain a taking claim that requires the court to scrutinize the actions of another tribunal." (internal quotation omitted)); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts[.]"); *Kent v. United States*, No. 20-717C, 2020 WL 3579998, at *1 (Fed. Cl. June 30, 2020) ("[W]e also lack jurisdiction to review the decisions of state, or any other, courts."); *Gonzalez v. United States*, No. 16-1207C, 2016 WL 6945200, at *2 (Fed. Cl. Nov. 27, 2016) ("the Court of Federal Claims lacks jurisdiction to modify the decisions of other courts."). That is the role of the appropriate circuit court. Here, plaintiff has appealed the district court's anti-filing injunction to the Eleventh Circuit and that court, not this one, will resolve the propriety of the anti-filing injunction. *See Caudle*, No. 23-1340, 2023 WL 5344984, at *1 (noting that plaintiff has filed an appeal in the Eleventh Circuit of the anti-filing injunction). Therefore, the relief plaintiff seeks is beyond this Court's jurisdiction and dismissal is appropriate.

Finally, plaintiff's motion for default is without merit as the government filed a timely response to the complaint when it moved to dismiss. And given the plaintiff's vexatious litigation history, the Court denies the motion for leave to file *in forma pauperis*. As the Federal Circuit explained in *Straw v. United States*, "Mr. Straw also argues that the Claims Court must find the instant case frivolous, rather than rely on a history of frivolous filings, before it may deny a motion to proceed *in forma pauperis*. This is incorrect. The Claims Court is free to consider a history of frivolous filing in determining whether to grant a motion to proceed *in forma pauperis*." No. 2021-1600, 2021 WL 3440773, at *6 (Fed. Cir. Aug. 6, 2021).

For the foregoing reasons, the Court GRANTS the government's motion to dismiss, ECF No. 8, DENIES plaintiff's motion for default judgment, ECF No. 3, and DENIES plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2. The Clerk's Office is directed to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers  
Edward H. Meyers  
Judge